**BAILEY DUQUETTE P.C.**
Hozaifa Y. Cassubhai, No. 147452017
100 Broadway, Floor 10
New York, NY 10005
Telephone: (212) 658-1946
hozaifa@baileyduquette.com

**ARETE LAW GROUP PLLC**
Jeremy E. Roller, Washington State Bar No. 32021
*Pro Hac Vice Motion Forthcoming*
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Telephone: (206) 428-3250
jroller@aretelaw.com

*Attorneys for Plaintiff Steamboat Sticker Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEAMBOAT STICKER COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>SHARON N. COHEN and SHANNON DENISE COHEN,<br><br>    Defendants. | Case No. 1:19-cv-12812<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Plaintiff Steamboat Sticker Company alleges as follows:

### INTRODUCTION

1.  Plaintiff Steamboat Sticker Company ("Steamboat Sticker") brings this action for injunctive relief and to recover damages resulting from copyright infringement by defendants Sharon N. Cohen and Shannon Denise Cohen ("the Cohens"). The Cohens have reproduced, displayed, distributed, sold, used, and created derivative works of Steamboat Sticker's copyright-protected works without authorization from Steamboat Sticker.

### PARTIES

2.  Steamboat Sticker is a Colorado corporation with its principal place of business at 2851 Riverside Plaza, Steamboat Springs, Colorado. Steamboat Sticker is one of the premier

designers and manufacturers of high-quality die cut stickers for the resort / outdoor recreation market.

3.     The Cohens are, on information and belief, a married couple.  The Cohens reside in Ocean City, Maryland.  The Cohens do business under a variety of names, upon information and belief including but not limited to: Fenwick Island Nautical Sportswear, FINS, FINS & Co., F.I.N.S.; Finns & Co., Fenwick Island Novelty Sports, Fenwick Island Novelty, Fenwick Island Fins, Fins of Fenwick, Lil Fins, Stone Harbor Fins, Fins Clothing Company, and FI Nautical Sportswear.  Upon information and belief, the foregoing names are the Cohens' sole proprietorships, trade names, or entities of various kinds.  To the extent the names represent legal entities, those entities are *alter egos* of the Cohens.

## JURISDICTION AND VENUE

4.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Steamboat Sticker's claim arises under the Copyright Act (17 U.S.C. § 101 *et seq.*).

5.     The Court has personal jurisdiction over the Cohens because they transacted business and committed tortious acts within and directed to this District.  The Cohens have reproduced, displayed, distributed, sold, and used Steamboat Sticker's copyright-protected works in this District without authorization from Steamboat Sticker, specifically including at a retail location in Stone Harbor, New Jersey.

6.     Venue is proper in the District of New Jersey under 28 U.S.C. §§ 1391 and 1400(a), as a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

7.     Steamboat Sticker designs and produces high-quality die cut stickers for the resort / outdoor recreation market.  Steamboat Sticker has invested substantial resources in the development of the original artwork for the stickers it produces and distributes.

8. Steamboat Sticker is the exclusive owner of the content in the stickers it produces and distributes. Steamboat Sticker's stickers constitute original works of authorship and copyrightable subject matter under the laws of the United States.

9. Steamboat Sticker possesses registered copyrights for certain of the artwork and other designs it prints on stickers. As relevant to this dispute, the United States Copyright Office has issued copyright registration number VA 2,056,980 ("Bandana Dog"). That copyright transferred from Freefall LLC to Steamboat Sticker by written assignment dated February 8, 2018. The written assignment for that and other copyrights was recorded with the United States Copyright Office on March 23, 2018, at Volume No. 9955, Document No. 410. The United States Copyright Office issued a copyright registration certificate for the work at issue in this litigation. That registration certificate constitutes *prima facie* evidence of the validity of Steamboat Sticker's copyright and of the facts stated in the certificate pursuant to 17 U.S.C. § 410(c).

10. Steamboat Sticker has sold stickers to the Cohens containing the "Bandana Dog" artwork. Below is an image of a sticker containing the "Bandana Dog" artwork sold by Steamboat Sticker to the Cohens:



11.     The Cohens have used Steamboat Sticker's copyright-protected artwork without Steamboat Sticker's authorization by reproducing and distributing that artwork on apparel.  The Cohens distribute that infringing apparel at retail locations in Stone Harbor, New Jersey, Fenwick Island, Delaware, and, on information and belief, other locations.  Below is an image of some of the apparel the Cohens have distributed in Stone Harbor, New Jersey that contains unauthorized reproductions of Steamboat Sticker's copyright-protected artwork:



Attached hereto as **Exhibit A** are additional images of some of the Cohens' infringing apparel.

12.     The Cohens copied Steamboat Sticker's copyright-protected content on apparel they have sold and otherwise distributed.  The Cohens have had access to Steamboat Sticker's copyright protected content because the Cohens purchased stickers containing that content from Steamboat Sticker.

13.     This is not the first time Sharon Cohen has been accused of trading in counterfeit items.  In 2010, Mr. Cohen was charged in district court for Wicomico County, Maryland, with distributing counterfeit items

## CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. § 501)

14.     Steamboat Sticker incorporates by this reference each and every allegation set forth in Paragraphs 1 through 13, inclusive.

15.     Steamboat Sticker owns valid copyrights and copyright registrations in artwork it reproduces on stickers.  That artwork constitutes original works of authorship and copyrightable subject matter under the laws of the United States.

16.     Steamboat Sticker is the sole owner of copyrights in the artwork it reproduces on stickers.

17.     The Cohens have infringed Steamboat Sticker's copyrights by designing, manufacturing, causing to be manufactured, distributing, selling, using, and causing to be used without Steamboat Sticker's consent apparel containing artwork copied from and substantially similar to Steamboat Sticker's copyright-protected works.  The Cohens' design, manufacture, distribution, sale, and use of apparel upon which Steamboat Sticker's artwork is reproduced directly infringes Steamboat Sticker's exclusive rights under 17 U.S.C. § 106.

18.     The Cohens' foregoing acts constitute infringement of Steamboat Sticker's exclusive rights, in violation of 17 U.S.C. § 501(a).

19.     The Cohens' actions were and are intentional, willful, wanton, and performed in disregard of Steamboat Sticker's rights.

20.     Steamboat Sticker has been and will continue to be damaged, and the Cohens have been unjustly enriched, by the Cohens' unlawful infringement of Steamboat Sticker's copyrights in an amount to be proven at trial.  Alternatively, Steamboat Sticker is entitled to statutory damages under 17 U.S.C. § 504(c).

21. Steamboat Sticker is entitled to injunctive relief pursuant to 17 U.S.C. § 502. Steamboat Sticker has no adequate remedy at law for the Cohens' wrongful conduct because, among other things, (a) Steamboat Sticker's copyrights are unique and valuable property, (b) the Cohens' continued infringement harms Steamboat Sticker such that Steamboat Sticker could not be made whole by a monetary award alone, and (c) on information and belief, the Cohens' wrongful conduct, and the resulting damage to Steamboat Sticker, is continuing.

22. Steamboat Sticker is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

Wherefore, Steamboat Sticker prays for the following relief:

A. That the Court enter a judgment against the Cohens finding that they willfully infringed Steamboat Sticker's rights in the following copyrights, in violation of 17 U.S.C. § 501:

    i. Copyright Registration No. VA 2,056,980 ("Bandana Dog");

    ii. Other items or works protected by Steamboat Sticker's copyrights;

B. That the Court restrain and enjoin the Cohens, their agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with them, from directly or indirectly infringing Steamboat Sticker's copyrights;

C. That the Court enter an order requiring the Cohens to provide Steamboat Sticker a full and complete accounting of all amounts due and owing to Steamboat Sticker as a result of the Cohens' unlawful activities;

D. An order under 17 U.S.C. § 503(b) directing the impoundment or destruction of all copies made or used in violation of the exclusive rights of Steamboat Sticker, and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.  Further, Steamboat Sticker seeks an order impounding records documenting the manufacture, sale, or receipt of things involved in any such violation;

E. That the Cohens be required to pay the actual damages suffered by Steamboat Sticker as a result of the Cohens' infringement and any profits of the Cohens that are attributable

to the infringement and are not taken into account in computing the actual damages or, alternatively, statutory damages pursuant to 17 U.S.C. § 504(c);

  F. That the Cohens be required to pay to Steamboat Sticker both the costs of this action and the reasonable attorneys' fees incurred by Steamboat Sticker in prosecuting this action; and

  G. That the Court grant Steamboat Sticker such other, further, and additional relief as the Court deems just and equitable.

DATED this 22nd day of May, 2019.

**BAILEY DUQUETTE P.C.**

By: */s Hozaifa Y. Cassubhai*
Hozaifa Y. Cassubhai, No. 147452017
100 Broadway, Floor 10
New York, New York 10005
Telephone: (212) 658-1946
Fax: (866) 233-5869
hozaifa@baileyduquette.com

**ARETE LAW GROUP PLLC**

By: *s/ Jeremy E. Roller*
Jeremy E. Roller, Washington State Bar No. 32021
*Pro Hac Vice Motion Forthcoming*
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Telephone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com

*Attorneys for Plaintiff Steamboat Sticker Company*